Argued March 13, affirmed April 19, reconsideration denied May 26, petition for review denied June 15, 1976.

## SITTSER, *Appellant,*
*v.*
## NORTH CLACKAMAS SCHOOL DISTRICT NO. 12
et al, *Respondents.*
## (No. 88832, CA 5069)
548 P2d 511

*Nicholas D. Zafiratos,* Astoria, argued the cause and filed the brief for appellant.

*William D. McDonald,* Milwaukie, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The question in this mandamus proceeding is whether plaintiff was a "permanent teacher" entitled to the procedural and substantive protections of ORS 342.805 et seq at the time the defendant school district terminated his employment. As did the trial court, we do not interpret the controlling statutes as conferring upon plaintiff the status he claims.

For many years prior to 1971, plaintiff was an elementary school teacher employed by Oak Grove School District No. 103. In March of 1971, plaintiff and the Oak Grove District entered into a three-year employment contract, i.e., for the 1971-72, 1972-73 and 1973-74 school year. In August of 1971, Oak Grove and several other school districts merged to form North Clackamas School District No. 12, defendant herein. Under the terms of ORS 335.505(1), the Oak Grove District was "abolished" and its obligations became the obligations of the newly created North Clackamas District.

One obligation that the North Clackamas District thus assumed was plaintiff's March 1971, three-year employment contract. Plaintiff did, in fact, teach for the North Clackamas District for the next three years. Early in 1974, plaintiff was informed his employment would not be renewed at the end of the 1973-74 school year.

The nonrenewal of plaintiff's employment was in accordance with the substantive standards and procedural requirements applicable to a "probationary teacher," but not in accordance with the substantive standards and procedural requirements applicable to a "permanent teacher."

The relevant statutes are ORS 342.805 to 342.955. They originated as Oregon Laws 1965, ch 608, p 1243, and were entitled at that time "the Teacher Tenure Law." Oregon Laws 1965, ch 608, § 1. Between 1965

and the effective date of 1971 amendments, ORS 342.815(5) provided:

" 'Permanent teacher' means any teacher who has been regularly employed by a tenure district for a period of not less than three successive years, whether or not the district was a tenure district during all of such period and who has been reelected by such tenure district after the completion of such three-year period for the next succeeding school year."

The 1971 amendments (Oregon Laws 1971, ch 570, §§ 2, 12, pp 1013, 1018) changed the title to "the Fair Dismissal Law," and changed ORS 342.815(5) to its present form, which provides:

" 'Permanent teacher' means any teacher who has been regularly employed by a fair dismissal district for a period of not less than three successive years, whether or not the district was such a district during all of such period and who has been reelected by such district after the completion of such three-year period for the next succeeding school year."

As is apparent, the pre-1971 and post-1971 versions of ORS 342.815(5) are the same in substance, the only change being nomenclature—"tenure district" in the earlier version, "fair dismissal district" in the latter version.

■ As we read them, under both versions there are three prerequisites to becoming a permanent teacher: (1) three years' probationary employment; (2) by a school district that is or at some point becomes a tenure/fair dismissal district; and (3) subsequent reappointment by the tenure/fair dismissal district.

Plaintiff undoubtedly satisfies the first requirement because of his many years of employment by the former Oak Grove District, and because of his three years with the North Clackamas District.

Oak Grove never was a tenure/fair dismissal district. In the trial court the parties stipulated that the North Clackamas District became a tenure/fair dismissal district in September 1972. In this court, plaintiff argues North Clackamas became a tenure/fair dis-

missal district in September 1971. It is not clear that the record is sufficient to so establish, but for purposes of discussion we will assume this to be true.

■ The fatal flaw, however, in plaintiff's claim to permanent teacher status is that he was never reappointed by the North Clackamas District when that district had any legal choice whether to do so or not. Under ORS 335.505(1), the North Clackamas District was obligated to honor the March 1971 employment contract between plaintiff and the former Oak Grove District for three years. Any failure of the North Clackamas District to reappoint plaintiff before the end of the 1973-74 school year would have been a breach of that contract. The first legal opportunity the North Clackamas District had to decide whether to voluntarily continue plaintiff's employment was when the District appointed teachers for the 1974-75 school year. At that time, the District chose not to reappoint plaintiff.

■ Plaintiff's somewhat ingenious argument to the contrary is that the North Clackamas District reappointed him when it gave him what he calls one-year contracts for the 1972-73 and 1973-74 school years. However, as explained in *George v. School Dist. No. 8R,* 7 Or App 183, 490 P2d 1009 (1971), these documents are not what plaintiff would make them. Plaintiff's contractual right to employment arose from his March 1971 agreement with the former Oak Grove District. Although that agreement only stated plaintiff's salary for the first year, it guaranteed three years' employment at not less than the salary stated therein. *See, George,* 7 Or App at 192. The supplemental forms plaintiff received the following two years are generally used to inform teachers of their salary for the coming year and to confirm that they plan to return. *See, George,* 7 Or App at 187. Regardless of their proper classification under contract law, we hold that these supplemental forms did not constitute "reelection" within the meaning of ORS 342.815(5).

Affirmed.